UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6298-CR-DIMITROULEAS/SNOW



UNITED STATES OF AMERICA,

v.

DUDLEY COLIN CROOKS,

Defendant.
_____/

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. The government is unaware of any written or recorded statements made by the defendant.

    2. The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: After being advised of his rights against self-incrimination, the defendant admitted hat he had purchased the gun in question from a man named Lonnie Spells.

    3. No defendant testified before the Grand Jury.

    4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for November 13, 2000, at 10 a.m.. Please call



the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

Copies of books, papers, and documents have been provided to defense counsel together with this discovery response. The attachments to this discovery response, however, are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

6. A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest on June 2, 19990, with fingerprints given in connection with his arrest by the INS on August 3, 2000, with fingerprints on the judgment in case number 90-11712-CFA, bearing the defendant's name, has been provided to defense counsel together with this discovery response.

A report analyzing the firearm and ammunition seized from the defendant has been provided to defense counsel together with this discovery response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point in time, the Government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At this point in time, the Government has not made any payments, promises of immunity, leniency, preferential treatment, or other inducements to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

| | |
|---|---|
| F. | No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. |
| G. | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H. | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I. | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K. | No contraband is involved in this indictment. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M. | Other than the patent fingerprint analysis described in paragraph A6 above, the government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N. | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P. | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional

3

information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Date: August 3, 2000
> Place: 2461-1 Aragon Blvd., Sunrise, Florida

The attachments to this response are numbered pages __1__ - _13___. Please contact the undersigned Assistant United States Attorney if any pages are missing.

> Respectfully submitted,
>
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> By: _____
> Bertha R. Mitrani
> Assistant United States Attorney
> Florida Bar No. 88171
> 500 East Broward Boulevard
> Fort Lauderdale, Florida 33394
> Tel: 954/ 356-7255
> Fax: 954/356-7336

cc:   Special Agent LA Bykowsky
      ATF

4

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by Federal Express mail this _1_ day of _November_, 2000 to

Johnny L. McCray, Jr., Esquire
400 East Atlantic Blvd.
Pompano Beach, Florida 333060

                                            Bertha R. Mitrani
                                            Assistant United States Attorney

5