UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA,　　CASE NO.: 00-6298-CR-DIMITROULEAS/SNOW

　　Plaintiff,

vs.

DUDLEY COLIN CROOKS,

　　Defendant.
_____/

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AS A RESULT OF AN ILLEGAL SEARCH AND SEIZURE

**COMES NOW** the Defendant, **DUDLEY COLIN CROOKS**, through counsel, respectfully moves, pursuant to Fed.R.Crim.P. 12(b)(3) and the Fourth Amendment of the United States Constitution, to suppress evidence seized as a result of illegal a search and seizure of the defendant's residence. In support thereof, Defendant says as follows:

### Procedural Background

The indictment alleges that Mr. Crooks committed the following offense:

I. Possession of firearm by a convicted felon, in violation of Title 18, U.S.C., Section 922(g)(1).

### Factual Background

On or about August 3, 2000, Immigration and Naturalization Services ("I.N.S.") agents entered Defendant's residence armed with an administrative arrest warrant issued by an Immigration Judge. After Defendant's arrest, the agents searched the premises,



including, but not limited to, dressers, closets and shoeboxes. As a result of the illegal search, the agents allegedly found and seized a firearm containing ammunition from the dresser drawer of the bedroom. Additionally, Defendant allegedly admitted that he purchased the gun in question from another individual named Lonnie Spells.

### Evidence/Items Sought to be Suppressed

A. One Walter, PPK-S, caliber .380 ACP semi-automatic pistol, serial number S124125; one ammunition magazine with eight (8) rounds of caliber .380 ACP ammunition.

B. Any and all admissions/confessions made by Defendant, including, but not limited to, a statement allegedly made by Defendant admitting he purchased the subject gun from an individual named "Lonnie Spells".

1. The search of Defendant's residence was undertaken without a search warrant and without Defendant's consent.

2. The INS agents' violated Defendant's Fourth Amendment Rights by illegally searching his home while executing the administrative arrest warrant. Specifically, the warrantless search and subsequent seizure of the firearm and ammunition does not fall within the protective sweep exception under <u>Maryland v. Buie</u>, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed 2d 276 (1990).

3. The statement allegedly made by Defendant indicating knowledge and ownership of the subject firearm was obtained, as a

result of the agents' unlawful search and seizure must be suppressed as "fruit of the poisonous tree". See <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

**WHEREFORE,** based upon the foregoing facts and circumstances, the Defendant, **DUDLEY CROOKS,** requests that the Court enter an order granting his Motion to Suppress and exclude as evidence in this case the items seized during the search of Defendant's residence.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via fax (954)356-7336 and hand-delivery to Assistant United States Attorney, Bertha R. Mitrani, Esquire, 500 E. Broward Boulevard, Fort Lauderdale, FL 33394, on this __16th__, day of November, 2000.

>                    Respectfully submitted,
>
>                    **JOHNNY L. McCRAY, JR., ESQUIRE**
>                    F.B.N.: 342319
>                    Counsel for Defendant
>                    **Law Office of Johnny L. McCray, Jr., P.A.**
>                    400 East Atlantic Blvd.
>                    Pompano Beach, FL 33060
>                    Tel: (954) 781-3662
>                    Fax: (954) 786-2289

f:\wp60\doc\criminal\crooks.d\mot2sup/dc