UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  CASE NO. 00-6298-CR-DIMITROULEAS

Plaintiff,

vs,

DUDLEY COLIN CROOKS,

Defendant.

_____/

## ORDER

THIS CAUSE having been heard upon Defendant's November 16, 2000 Motion To Suppress [DE-17], and the Court having received testimony from Agent Dale Fecquette, Agent Lee Panella and the Defendant at an evidentiary hearing held on November 22, 2000 and December 1, 2000, having reviewed exhibits, having determined credibility of witnesses and having heard arguments of counsel, finds as follows:

1. On August 3, 2000 Agent Dale Fecquette of INS executed an arrest warrant for the Defendant at his residence located at 2461-1 Aragon Boulevard in Sunrise, Florida. Fecquette knocked and announced at 7:00-8:00 A.M., and the Defendant's mother answered the door.

2. The agents' testimonies differed from the Defendant's testimony. According to Fecquette, the Defendant was located in the bedroom. The Defendant was handcuffed. He denied that there were any weapons in the room, but the Defendant consented to a search for weapons. The Defendant was uncuffed when he was allowed to dress. A loaded gun was located in a nightstand, within the Defendant's reach.

3. The Defendant testified that he was in the hallway when he was arrested, and he was handcuffed from behind. The police led him back into the bedroom. The bedroom was



ransacked; he never consented to a search of the room. The Defendant testified that he was handcuffed when he was allowed to get dressed.

4. The Court sits as a finder of fact in a motion to suppress hearing. One factor that the Court can usually consider is whether the witness has been convicted of a felony. Although the Defendant is charged with Possession of a Firearm by a Felon, there was no testimony to that effect at the hearing. Although the Defendant did not look old enough to have a stale felony conviction, perhaps that explains the Government's lack of impeachment. Nevertheless, the Court will discount any inference of impeachment under Rule 609, Federal Rules of Evidence. However, the Court finds that the agents' testimonies were credible.

5. A valid warrant carries with it the authority to enter the residence of the person named in the warrant as long as the police have a reasonable belief that the suspect is currently present. Payton v. N.Y., 445 U.S. 573 (1980); U.S. v. Clayton, 210 F. 3d 841, 843 (8th Cir. 2000).

6. Incident to a lawful arrest, officers may search an area within the arrestee's immediate control. Chimel v. California, 395 U.S. 752, 763 (1969); U.S. v. Savage, 564 F. 2d 728, 733 (5th Cir. 1977); U.S. v. Miller, 946 F. 2d 1344, 1346, (8th Cir. 1991) cert. denied, 112 S. Ct. 1501 (1992); In Re Sealed Case, 153 F. 3d 759, 767 (D.C. Cir. 1998). The Defendant was properly arrested based upon the warrant. The determination of immediate control is made when the arrest occurs. Sealed Case at 768. Here, the Defendant, under whatever testimony one believes, was located in the bedroom when he got dressed. Sealed Case at 769. The night stand was within the Defendant's immediate control so that it could be searched. The limited restraint of handcuffs would have impeded, but not prevented the Defendant from reaching the gun in the nightstand. U.S. v. Helmstetter, 56 F. 3d 21, 23 (5th Cir. 1995), but see, U.S. v. Blue, 78 F. 3d 56, 60 (2d Cir. 1996). When the agent saw the gun, he obviously recognized it, and it was

properly seized.

    7. Additionally, the Defendant had agreed that Agent Panella could look for weapons.

U.S. v. Coffman, 148 F. 3d 952, 953 (8th Cir. 1998); U.S. v. West, 219 F. 3d 1171 (10th Cir. 2000), but see, U.S. v. Morales, 171 F. 3d 978 (5th Cir. 1999).

    WHEREFORE, Defendant's Motion to Suppress is DENIED.

    DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of December, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Bertha Mitrani, AUSA

Johnny McCray, Esquire
400 E. Atlantic Boulevard
Pompano Beach, FL 33060